IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOHN OSTRANDER and
BARBARA OSTRANDER,
his wife,

     Plaintiffs,

v.                          Civil Action No. 5:04CV60
                                          (STAMP)
JAMES R. LOHR,

     Defendant.


## ORDER DENYING MOTION TO REOPEN CASE AND DENYING MOTION REQUESTING A JUDICIAL DETERMINATION THAT THE MOVANTS WERE NOT "MADE WHOLE"

On June 13, 2005, the plaintiffs in the above-styled civil action filed a motion to reopen this case and a motion requesting a judicial determination that the movants, John and Barbara Ostrander ("the Ostranders)", were not "made whole" and that all subrogation interests are accordingly unenforceable. In their motion to reopen the case, the plaintiffs maintain that the settlement reached between the Ostranders and the insurer of James R. Lohr ("Lohr"), American Home Assurance Company ("AHAC"), is insufficient to cover the Ostranders' injuries, damages and losses suffered as a result of the July 4, 2003 accident involving Lohr. Moreover, the plaintiffs indicate that they "believe" that John Ostrander's health insurance company, The Health Plan and Healthcare Recoveries, Inc. ("Health Plan"), "may seek" to enforce subrogation interest in the plaintiffs' settlement recovery against AHAC. See Mot. Reopen at 2.

As a preliminary matter, the plaintiffs cite no authority to support reopening a settled action in federal court for the sole purpose of determining whether a plaintiff has been "made whole." In <u>Kittle v. Icard</u>, 405 S.E.2d 456 (W. Va. 1991), the case on which the plaintiffs rely for their motion to reopen, the plaintiff settled its claim with the tortfeasors and then filed a separate declaratory action in state court against the state agency to determine the applicability of the "made whole" doctrine to the rights and obligations of the parties. <u>See also</u> <u>Grayam v. Dep't of Health and Human Servs.</u>, 498 S.E.2d 12 (W. Va. 1997)(declaratory action brought in state court against state agencies to determine rights and obligations of the parties); <u>Provident Life and Accident Ins. Co. v. Bennett</u>, 483 S.E.2d 819 (W. Va. 1997)("made whole" doctrine applied in suit brought by on behalf of the insurance company seeking recovery of a settlement paid to the defendant, Bennett).

Here, Health Plan was never made a party to this action and has never had an opportunity to appear to protect its rights, if any, including any rights it may have as a result of the Ostranders' settlement with AHAC. Therefore, it would be inappropriate for this Court to enter what would in effect be a declaratory judgment in favor of the Ostranders when there is no evidence that the Health Plan has asserted or even intends to assert a right of subrogation.

For the reasons stated above, the plaintiffs' "motion to reopen case" and "motion requesting a judicial determination that the movants were not 'made whole' and that subrogation interests are accordingly unenforceable" are hereby DENIED WITHOUT PREJUDICE to plaintiffs' filing a separate action in a court of competent jurisdiction seeking a declaratory judgment in the matter.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    November 16, 2005


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE